UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JAMES E. PHILLIPS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:24-cv-00180-JPH-MJD ) |
| JACKSON Officer, NALL Officer, K. PADGETT Sgt., P. IVY Sgt., | ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER SCREENING COMPLAINT AND DIRECTING FURTHER PROCEEDINGS**

Plaintiff, James E. Phillips, is a prisoner currently incarcerated at Wabash Valley Correctional Institution ("Wabash Valley" or "WV"). He filed this civil action alleging constitutional violations related to sewage flooding within his cell. Because Mr. Phillips is a prisoner, the Court must screen his complaint. 28 U.S.C. § 1915A.

**I. Screening Standard**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim

to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. The Complaint

Mr. Phillips asserts claims for damages against four defendants: Sgt. Ivy, Sgt. Padgett, Officer Nall, and Officer Jackson. He seeks punitive and compensatory damages.

Mr. Phillips's factual allegations, as summarized here, are accepted as true at the pleading stage. *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023). On February 10, 2024, in the early morning, Mr. Phillips's cell flooded, and his cell floor became covered in urine, feces and toilet water. Dkt. 1 at 3. Officers Nall and Jackson came by at around 6AM, and Mr. Phillips notified them that his cell was flooded and requested to be removed while the cell was cleaned. *Id.* His request was denied, and Mr. Phillips was forced to eat breakfast within his cell. At lunch, he again notified both officers and was again not allowed to leave his cell and required to eat lunch in his cell. At dinner time, Mr. Phillips again notified Officers Nall and Jackson as well as Sgts. Ivy and Padgett about the conditions of his cell. Mr. Phillips was then removed from the cell.

## III. Discussion of Claims

Liberally construed, Mr. Phillips's complaint alleges that Sgt. Ivy, Sgt. Padgett, Officer Jackson, and Officer Nall violated his Eighth Amendment rights by failing to remove him from or clean his cell after it flooded with raw sewage.

All claims against Sgt. Padgett and Sgt. Ivy are **DISMISSED** for failure to state a claim. "[I]ndividual liability under § 1983 . . . requires personal involvement in the alleged constitutional deprivation." *Colbert v. City of Chicago*, 851 F.3d 649, 657 (7th Cir. 2017) (internal quotation omitted). "The plaintiff must demonstrate a causal connection between (1) the sued officials and (2) the alleged misconduct." *Id.* For a public official to be individually liable for a subordinate's constitutional violation, the official must both "(1) know about the conduct and (2) facilitate, approve, condone, or turn a blind eye toward it." *Gonzalez v. McHenry County, Ill.*, 40 F.4th 824, 828 (7th Cir. 2022). Mr. Phillips only alleges that Sgt. Padgett and Sgt. Ivy were notified at dinner that his cell was flooded and then acted to remove him from these conditions. Accordingly, they did not facilitate any Eighth Amendment constitutional violation.

Mr. Phillips's Eighth Amendment claims against Officer Nall and Officer Jackson **SHALL PROCEED**.

This summary of claims includes all the viable claims identified by the court. If the plaintiff believes that additional claims were alleged in the

complaint, but not identified by the court, he shall have through **January 5, 2025**, in which to identify those claims.

### IV. Conclusion and Service of Process

The **clerk is directed** to terminate Sgt. Ivy and Sgt. Padgett as defendants on the docket.

The **clerk is directed** pursuant to Fed. R. Civ. P. 4(c)(3) to issue process to Officer Nall and Officer Jackson in the manner specified by Fed. R. Civ. P. 4(d). Process shall consist of the complaint, dkt. [1], applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this order.

The **clerk is directed** to serve Indiana Department of Correction employees electronically.

**SO ORDERED.**

Date: 12/6/2024

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY - CF
Wabash Valley Correctional Facility
6908 S. Old US Hwy 41
CARLISLE, IN 47838

4

Electronic Service to IDOC Employees:
    Officer Jackson
    Officer Nall
    (All at Wabash Valley Correctional Facility)