UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES E. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:24-cv-00180-JRO-MJD |
| | ) | |
| JACKSON Officer, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS'S MOTION FOR SUMMARY JUDGMENT**

James Phillips, an inmate of the Indiana Department of Correction ("IDOC"), brought this action against IDOC Officers Jackson and Nall (collectively "Defendants") alleging that his cell was flooded with sewage in violation of Eighth Amendment rights when he was housed at Wabash Valley Correctional Facility ("Wabash Valley"). Phillips has moved for summary judgment, dkt. [40], and the Defendants have filed a cross-motion for summary judgment, dkt. [44].[1] For the reasons below, the Defendants' motion, dkt. [44], is **GRANTED** and Phillips's motion, dkt. [40] is **DENIED**.

## I. SUMMARY JUDGMENT STANDARD

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and

[1] Although the Court interprets the Defendants' motion as a cross motion for summary judgment, they have failed to follow proper summary judgment procedure and only cursorily cite or reference Phillips's brief. In future cases, counsel's failure to follow the Court's procedures may result in the Court summarily striking their briefs from the docket.

that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). When reviewing a motion for summary judgment, the Court views the record and draws all reasonable inferences from it in the light most favorable to the nonmoving party. *Khungar v. Access Cmty. Health Network*, 985 F.3d 565, 572–73 (7th Cir. 2021). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Miller v. Gonzalez*, 761 F.3d 822, 827 (7th Cir. 2014). A party seeking summary judgment must inform the district court of the basis for its motion and identify the record evidence it contends demonstrates the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A court must consider only the materials cited by the parties, *see* Fed. R. Civ. P. 56(c)(3); it need not "scour the record" for evidence that might be relevant. *Grant v. Trs. of Ind. Univ.*, 870 F.3d 562, 573−74 (7th Cir. 2017) (cleaned up).

Whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the assertion by citing to the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1)(A). Failure to properly support a fact in opposition to a movant's factual assertion can result in that matter being considered undisputed, and potentially in the grant of summary judgment. Fed. R. Civ. P. 56(e).

The existence of cross-motions for summary judgment does not imply that there are no genuine issues of material fact. *R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Engineers, Loc. Union 150, AFL-CIO*, 335 F.3d 643, 647 (7th Cir. 2003).

## II. FACTUAL BACKGROUND

The following facts are not in dispute except as noted.

### A. The Parties

At the time relevant to his claims, Phillips was incarcerated at Wabash Valley in the Secured Confinement Unit ("SCU"). Dkt. 45-1 at 5. Defendants Jackson and Nall were correctional officers at Wabash Valley. Dkt. 45-2 at 1; Dkt. 45-3 at 1.

### B. The Incident

This incident is captured on video. Although the footage does not capture the inside of Phillips's cell, the angle of the video captures the cellblock and a view of the outside of the cell. The video begins with a view of the cellblock and officers going through their morning routine. Dkt. 45-4. At approximately 7:30 a.m., Officers Nall and Jackson were both present on the range within Phillip's cellblock. *Id.* at 10:37. Water was not present on the floor of the range during breakfast. *Id.* at 01:35-05:37. Officer Jackson distributed breakfast, including to Phillips. *Id.* Later in the video, Officer Nall and Jackson escorted inmates from and to their cells. *Id.* at 11:27-27:20. Jackson distributed lunch, including to Phillips. *Id.* at 27:38-30:50. After meal service, the video shows water began to drain onto the range from inside Phillips's cell from the adjacent pipe chase. *Id.* at 31:00.

At some point, Officer Nall approached and observed the water on the range floor. *Id.* at 35:46-36:00. Sgt. Ivy and Officer Jackson approached the water on the range floor and escorted another inmate from his cell. *Id.* at 38:17-

38:38. Sgt. Ivy approached Phillips's cell and appeared to communicate with Phillips, and shortly thereafter, Sgts. Padgett and Ivy escorted Phillips from his cell. *Id.* at 39:35-40:52. Phillips was previously involved in a serious assault on a staff member, and as a result, at least two Sergeants had to escort Phillips at all times. Dkt. 45-2 at 2. Officer Jackson testified in his affidavit that Phillips was removed from his cell to remove the water from his cell floor as soon as it was practical. Dkt. 45-2 at 2. Officer Jackson can be seen on the video handing a dinner tray to Sgt. Ivy to give to Phillips while he was outside of his cell. *Id.* at 41:09.

The second video shows the staff remediating Phillips's cell. Sgt. Ivy can be seen cleaning and removing the water from the pipe chase, range floor, and Phillips's cell while Officer Jackson brought a wet vacuum to clean excess water. Dkt. 45-5 at 8:10-13:30 (Range Video Footage 2). Sgt. Ivy cleaned the hook in the pipe chase which caused the flooding. Dkt. 45-7.

The incident at issue occurred on a Saturday, so regular maintenance staff were not on call on the weekends, and staff relied on inmate maintenance instead. Dkt. 45-3 at 2. This meant that maintenance services were especially slow because officers had to escort inmate workers to areas requiring maintenance work. *Id.* Phillips testified that he spent most of the day on his bunk, which was dry. Dkt. 45-1 at 11. Further, he had access to soap and water inside his cell. *Id.* at 24. Phillips testified that because of the incident, he was sick to his stomach and had stomach cramps. *Id.* at 26. However, he testified

that he was "livid" more than anything. *Id.* at 25-26. He did not report his stomach symptoms, and they subsided the next day. *Id.*

## III. DISCUSSION[2]

Under the Eighth Amendment, "prisoners cannot be confined in inhumane conditions." *Thomas v. Blackard*, 2 F.4th 716, 720 (7th Cir. 2021) (citing *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). A conditions-of-confinement claim includes both an objective and subjective component. *Giles v. Godinez*, 914 F.3d 1040, 1051 (7th Cir. 2019). Under the objective component, a prisoner must show that the conditions were objectively serious and created "an excessive risk to his health and safety." *Id.* (cleaned up). Under the subjective component, a prisoner must establish that the defendants had a culpable state of mind—that they "were subjectively aware of these conditions and refused to take steps to correct them, showing deliberate indifference." *Thomas*, 2 F.4th at 720. Proving the subjective component is a "high hurdle" that "requires something approaching a total unconcern for the prisoner's welfare in the face of serious risks." *Donald v. Wexford Health Sources, Inc.*, 982 F.3d 451, 458 (7th Cir. 2020)

[2] Phillips's oversized briefing on his motion for summary judgment includes facts and argument wholly unrelated to the claims in this case and other "facts" that are merely conclusory legal statements. His briefing is a narrative account devoid of discrete factual organization and does not contain numbered paragraphs, or even any paragraphs at all. Rather, his subheading for the majority of his briefing is titled "statement of material facts not in dispute and arguments," which is a combination of legal statements, caselaw, and facts without any citations. His noncompliance with Local Rule 56-1(a) and Rule 56(c) undermines the Court's efficient evaluation of the record. The Court does not consider any argument that is not supported properly by admissible evidence. *See, e.g.*, *Daugherty v. Page*, 906 F.3d 606, 611 (7th Cir. 2018) ("Summary judgment is not a time to be coy: conclusory statements not grounded in specific facts are not enough.") (cleaned up). The Court does consider plaintiff's factual assertions when properly cited with evidence.

(internal quotations omitted). Neither "negligence [n]or even gross negligence is . . . enough[.]" *Lee v. Young,* 533 F.3d 505, 509 (7th Cir. 2008).

Phillips complains about a single ten-hour period when he was kept in a flooded cell. Periods of confinement in unsanitary conditions over the course of many months have been found to violate the Eighth Amendment. *Sanders v. Sheahan,* 198 F.3d 626, 629 (7th Cir. 1999). But that create only "temporary inconveniences and discomforts" or that make "confinement i[n] such quarters unpleasant" are insufficient to state an Eighth Amendment claim. *Adams v. Pate,* 445 F.2d 105, 108, 109 (7th Cir. 1971). *Hoskins v. Adams*, No. 20-CV-00533-SPM, 2023 WL 4865887, at *4 (S.D. Ill. July 31, 2023) (shorter periods of such confinement do not rise to such an objective standard).

The undisputed designated evidence shows that Phillips experienced a temporary inconvenience, not a violation of his constitutional rights. He was temporarily removed from his cell while prison staff remediated his flooded cell. During this time, Phillips has access to a dry bed, running water and soap, and was served both breakfast and lunch. Dkt. 45-1 at 11, 16, 24.

Even if Phillips had designated evidence that might allow a jury to find he was subjected to conditions that violated the Eighth Amendment, the Defendants argue that there is no evidence of deliberate indifference. Two officers removed Phillips from the cell and his cell was cleaned as soon as it was practical. Dkt. 45-2 at 2. Any delay in his extraction was because Phillips needed a special escort due to his history of assault, dkt. 45-2 at 2, and weekend hours limited the available staff.

In response, Phillips has not designated evidence that either Defendant was subjectively aware that Phillips was experiencing unreasonably unsanitary conditions and disregarded those conditions. Although Phillips claims he was "livid" due to the delay in the officers' response time in removing him from his cell, this is insufficient to rise to the level of deliberate indifference. Dkt. 45-1 at 25–26. No reasonable juror could find that Officer Jackson and Officer Nall were deliberately indifferent.

Summary judgment must be **granted** in their favor.[3]

## IV. CONCLUSION

Phillips's motion for summary judgment, dkt. [40], is **DENIED**. The Defendants' motion for summary judgment, dkt. [44], is **GRANTED**. Phillips's motion for final judgment, dkt. [60] is **GRANTED** to the extent the Court has now issued its order on the pending motions for summary judgment. Final judgment will now issue by separate entry.

**SO ORDERED.**

Date: 9/22/2026

Justin R. Olson
United States District Judge
Southern District of Indiana

[3] The Court need not address whether Defendants are entitled to qualified immunity on any of Phillips's claims because no reasonable jury could conclude that Defendants violated his constitutional rights.

Distribution:

JAMES E. PHILLIPS
106333
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

All Electronically Registered Counsel